# NO. 12-08-00103-CR
# NO. 12-08-00104-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDWARD CHARLES TUCKER,*<br>*APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Edward Charles Tucker was convicted of burglary of a habitation and reckless injury to a child. In his sole issue, Appellant argues that the trial court reversibly erred by admitting hearsay testimony. The State did not file a brief. We affirm.

### BACKGROUND

Appellant was charged by indictment with burglary of a habitation and intentional or knowing injury to a child. Appellant pleaded guilty in the burglary case as charged. He also pleaded guilty in the injury to a child case, but only to the lesser included second degree felony of reckless injury to a child. The punishment range for each pleaded to offense was subsequently enhanced to the punishment range of a first degree felony based upon a prior juvenile adjudication. As part of his pleas, Appellant elected to have a jury assess his punishment. The jury assessed Appellant's punishment in the burglary case at sixty years of imprisonment and a $10,000 fine. The jury assessed Appellant's punishment in the reckless injury case at imprisonment for life and a $10,000

fine. The trial judge orally pronounced sentence in both cases as assessed by the jury.[1]  These appeals followed.

### HEARSAY TESTIMONY

In his sole issue, Appellant argues that the trial court reversibly erred by admitting hearsay testimony given by Amanda Robinson.  Robinson testified she overheard a heated dispute between Appellant and the child victim's mother about "not having sex last night."  She testified that the mother accused Appellant of abusing their first child, an infant who had died over a year before the dispute in question.  The accusations of abuse included placing the child under a mattress, holding her head in vomit, and starving her.  Because these accusations were made during a heated dispute, the trial court admitted testimony of them as excited utterances.  We have assumed, without deciding, that the trial court erred by admitting this testimony.

**Standard of Review**

The erroneous admission of hearsay evidence is nonconstitutional error.  *See **Johnson v. State***, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Nonconstitutional error that does not affect the substantial rights of the defendant must be disregarded.  TEX. R. APP. P. 44.2(b).  Therefore, even if the trial court erred in overruling Appellant's hearsay objections, the error would not warrant reversal unless it had a substantial and injurious effect or influence in determining the jury's verdict.  *See **King v. State***, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Generally, the improper admission of evidence does not constitute reversible error if the same facts are shown by other unchallenged evidence.  *See **Crocker v. State***, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978).

**Discussion**

Appellant objected to Robinson's testimony of hearsay accusations made by the mother.  *See* TEX. R. EVID. 802.  The State asserted that these accusations were excited utterances, an exception to the hearsay rule.  *See* TEX. R. EVID. 803(2).  Further, the State asserted to the trial court that Robinson would also testify that, during the dispute in question, Appellant admitted to having committed the abuse alleged by the mother. The State contended that this testimony was admissible

---

[1] The trial court's judgment in the reckless injury case indicates a fine of "$0.00," in conflict with the trial court's oral pronouncement.

2

as admissions by a party opponent, and therefore not hearsay. *See* TEX. R. EVID. 801(e)(2). Specifically, the State argued as follows:

> Number two, [Appellant] acquiesced as to all of these. It's also an admission by a party opponent. He acquiesced to everything she says. He admits to everything she says. He says, "Yes, I did it" to everything that this witness is going to testify that the [mother] said . . . .

The trial court overruled Appellant's hearsay objection. Appellant continued to object and obtained a running objection regarding the mother's hearsay accusations.

During Robinson's testimony, the State elicited the complained of testimony regarding the mother's accusations against Appellant. However, the State also made good on its representations to the trial court by eliciting the following testimony from Robinson that Appellant admitted the truth of these hearsay accusations:

> Q      And, ultimately, he admitted doing what he did to that two-month-old baby girl, correct?
>
> A      Yes, sir.
>
> Q      And you were standing right there when he did it?
>
> A      Yes, sir.
>
> . . . .
>
> Q      . . . Did he ever express that night any opinion . . . about [the deceased child], how he felt about [her]?
>
> A      During the argument, when they were arguing really bad, he told her, he said, "I admit that I hated her." . . . .
>
> Q      Did you take that to mean that that's why he committed those acts against her?
>
> A      Yes, sir.

Appellant did not object to this testimony. Assuming the trial court's allowance of the mother's accusations was improper, such allowance does not constitute reversible error because the same facts were shown by the unchallenged testimony of Appellant's admissions. *See **Crocker***, 573 S.W.2d at 201. We overrule Appellant's sole issue.

3

## DISPOSITION

We *affirm* the judgments of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


4